UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALVIN D. GONZALEZ,

        Plaintiff,

-against-

DARCEL D. CLARK, *Bronx County District Attorney*,

        Defendant.

19-CV-10542 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Alvin D. Gonzalez, appearing *pro se*, filed this Notice of Removal under 28 U.S.C. §§ 1441-1446, removing to this Court his criminal proceedings pending in the Bronx County Criminal Court. By order dated December 3, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court remands this action to the Bronx County Criminal Court.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Gonzalez's submission, which he filed in this Court on November 12, 2019, consists almost entirely of legal jargon, may be understood to assert that his due process rights are being violated in his ongoing criminal proceedings in Bronx County Criminal Court. Gonzalez is represented by counsel in those proceedings. (ECF 1:19-CV-10542, 1 at 4.) According to the New York State Office of Court Administration website, Gonzalez was arrested on April 10, 2018, and arraigned on April 11, 2018. https://iapps.courts.state.ny.us/webcivil/FCASSearch.[1]

## DISCUSSION

A removing defendant has the burden of establishing that a case is within the federal court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). Because removal to federal court deprives the state court of jurisdiction, "federal courts construe the removal statute[s] narrowly, resolving any doubts against removability." *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). If it clearly appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4).

---

[1] The Court "may take judicial notice of a document filed in another court . . . to establish the fact of such litigation." *Liberty Mutual Insurance Company v. Rotches Pork Packers*, 969 F.2d 1384, 1388-89 (2d Cir. 1992); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

A defendant removing a criminal action to a federal district court is generally required to file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The criminal defendant must also file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* "The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded." § 1455(b)(3).

Gonzalez has not complied with the procedural requirements for the removal. The Notice of Removal does not plead facts showing that it was filed within 30 days of arraignment and does not include any information about or pleadings from the State court criminal proceeding. Because the Notice of Removal does not comply with the procedural requirements for removal, the action must be remanded to state court. *See* 28 U.S.C. § 1455(b)(4).

Even if Gonzalez had complied with the procedural requirements for removal, his submission is bereft of facts suggesting that removal of his state court criminal proceedings is proper. A criminal prosecution commenced in State court against a federal officer or member of the armed forces for actions taken under the color of office may be removed to federal court. 28 U.S.C. §§ 1442(a), 1442a. Criminal prosecutions commenced in State court are also subject to removal if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see also Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (setting forth two-prong test for removal of criminal prosecution where defendant is denied equal civil rights).

Gonzalez does not allege that he is a federal officer or member of the armed forces being prosecuted for actions taken under color of office. He also does not allege that he cannot enforce

in the State court criminal proceedings a right to racial equality that is being denied him. Gonzalez therefore has not demonstrated any statutory basis for removal of his criminal proceedings.

## CONCLUSION

Because removal of this action is improper, the Court remands this action under 28 U.S.C. § 1447(c) to the Bronx County Criminal Court. The Clerk of Court is directed to: (1) mail a copy of this order to Gonzalez and to the Bronx County Criminal Court; (2) note service on the docket; and (3) close this action.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 16, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge